UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN MCCONNELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 1:13-cv-01475-RLY-DKL ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ENTRY ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Steven McConnell, applied for Disability Insurance Benefits. His application was denied by those acting on behalf of Carolyn Colvin, the acting Commissioner of Social Security (hereinafter "Commissioner"). Plaintiff filed this action for the court to review the Commissioner's decision. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the court referred this matter to the Magistrate Judge. The Magistrate Judge recommended that the court affirm the Administrative Law Judge. Plaintiff objects to the Magistrate Judge's report and recommendation. For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's report and recommendation.

**I.     Background**

At the age of 32, Plaintiff filed for disability in September 2010, alleging that he became disabled on August 4, 2010. On August 28, 2012, an administrate law judge

("ALJ") found that Plaintiff was not disabled. The Appeals Council denied review of that decision, and Plaintiff timely filed the present action.

The ALJ determined that Plaintiff suffered from the following severe impairments: arthritic changes of the lumbar spine, bulging discs of the lumbar spine, and obesity. The ALJ did not find Plaintiff's high blood pressure and depression to be severe. The ALJ concluded that Plaintiff's physical impairments did not meet or equal any listing. Next, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). The ALJ determined that Plaintiff has the capacity to lift, carry, push, and pull up to 20 pounds occasionally, up to 10 pounds frequently, sit for a total of up to 6 hours per day and stand and/or walk for a total of up to 6 hours per day. The ALJ also found that Plaintiff cannot climb ramps, ladders, ropes, or scaffolds, but may occasionally climb ramps and stairs. Finally, the ALJ concluded that Plaintiff can frequently balance, stoop, crouch, and kneel, but may only occasionally crawl, and he must avoid concentrated exposure to wetness and hazards such as heights and machinery.

With this RFC in mind and based on the testimony of a vocational expert, the ALJ found no disability at Step 4, reasoning that Plaintiff could perform his past relevant work as a furniture assembler at the light exertional level and as an offset press operator at the light exertional level. In the alternative, at Step 5, the ALJ concluded that Plaintiff could perform a number of jobs available in the national economy, such as cashier II, housekeeper and mail clerk.

Plaintiff asserts three errors in the ALJ's determination: (1) the ALJ failed to follow the treating-physician rule; (2) the ALJ erred in step two by finding Plaintiff's

mental impairments to be non-severe; and (3) the ALJ failed to properly evaluate Plaintiff's credibility. After reviewing Plaintiff's arguments, the Magistrate Judge concluded that the ALJ should be affirmed. Plaintiff objects to the Magistrate Judge's conclusion on the above three grounds.

## II.    Standard

### A.    Review of Magistrate Judge's Report and Recommendation

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the magistrate judge's decision as to those issues is supported by substantial evidence or was the result of an error of law. FED. R. CIV. PRO. 72(b). The district court "'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding;" the court may, however, defer to and adopt those conclusions where a party did not timely object. *Sweet v. Colvin*, No. 1:12-cv-00439-SEB-TAB, 2013 WL 5487358, * 1 (S.D. Ind. Sept. 30, 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009)).

### B.    Review of the ALJ's Decision

In reviewing the Commissioner's factual findings, courts are deferential; if his findings are supported by substantial evidence, then courts must affirm. *See Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *see also* 42 U.S.C. § 405(g). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blakes v. Barnhart*, 331 F.3d 565,

3

568 (7th Cir. 2003). In other words, substantial evidence is more than a scintilla, but less than a preponderance of the evidence. *See Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). The ALJ is obligated "to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). An ALJ is not required to discuss every piece of evidence, but if the decision lacks an adequate discussion of the issues, the court will remand it. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). An adequate discussion ensures that the ALJ built a logical bridge from the evidence to his conclusion. *Denton*, 596 F.3d at 425.

## III. Discussion

### A. The Treating-Physician Rule

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinion of his primary-care physician, Dr. Spendal, and giving greater weight to the opinion of a nurse practitioner in Dr. Spendal's office, Ms. Meyer. A treating source's opinion on the nature and severity of a claimant's impairments must be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2).

#### 1. Dr. Spendal

The ALJ gave little weight to the following three opinions provided by Dr. Spendal: (1) the Plaintiff could not reach over shoulder height, (2) the Plaintiff would require frequent unscheduled break periods, and (3) the Plaintiff's ability to sustain

4

employment would be impossible. (R. 29). Upon review, the Magistrate Judge determined that the treating physician rule did not warrant controlling weight for each of those opinions. The court agrees. First, Plaintiff does not point to any objective evidence that shows that he cannot reach over his shoulder height; rather, Plaintiff relies on the CT scans of his back which support his diagnosis but do not indicate what symptoms the disc bulge and herniation have on Plaintiff. Rather, the only support for this conclusion appears to be the subjective complaints of Plaintiff. As the Magistrate Judge found, the ALJ is charged with determining credibility; the treating physician is not. When a treating physician's opinion is "based solely on the patient's subjective complaints, the ALJ may discount it." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008). Thus, the ALJ did not err by discounting Dr. Spendal's opinion regarding Plaintiff's ability to reach above shoulder height.

Under the same reasoning, Plaintiff's second argument also must fail. Dr. Spendal's conclusion that Plaintiff can only stand/walk for 3 hours in an eight-hour day and sit for 3 hours in an eight-hour day are based solely on the subjective complaints by Plaintiff. Thus, the ALJ was allowed to discount that opinion.

Third, the ALJ also gave little weight to Dr. Spendal's prognosis contained in an August 11, 2011, questionnaire. Specifically, Dr. Spendal wrote, "Any expectation regarding return to gainful employment is unlikely." (R. 710). This prognosis was changed to "fair" in Dr. Spendal's August 30, 2011, questionnaire. (R. 805). The Magistrate Judge concluded that this opinion is not entitled to any special weight because it is an ultimate issue that is reserved to the Commissioner. *See* 20 C.F.R. §

5

404.1527(e)(3); S.S.R. 96-5p. The court agrees that such an opinion is reserved to the Commissioner, and thus **ADOPTS** this portion of the Magistrate Judge's report and recommendation.

### 2. Nurse Practitioner Meyer

All agree that the opinions of Nurse Practitioner Meyer, who worked in Dr. Spendal's office, are not entitled to controlling weight, because she is not an acceptable medical source. 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2). Nevertheless, they disagree on what the appropriate weight is. The ALJ assigned her opinions "little weight" because (1) her opinions were based on Dr. Spendal's treatment notes and records, not an independent basis; (2) her opinions were not supportive of those given by Dr. Spendal; (3) her opinions were not supported by Dr. Spendal's treatment notes; and (4) Dr. Spendal did not impose any limitation on Plaintiff in his notes. (R. 30). The Magistrate Judge found that the ALJ did not err when he decided not to give Nurse Meyer's opinions any greater weight than that given to the opinions of Dr. Spendal since her opinions are based on the treatment notes and records of Dr. Spendal, not on her own independent basis. Additionally, Nurse Practitioner Meyer set forth greater limitations than Dr. Spendal.

As the Magistrate Judge stated, Plaintiff has not shown the court any evidence that Nurse Practitioner Meyer supported her findings with an independent basis. As stated above, the court found that the ALJ did not err in assigning little weight to Dr. Spendal's opinions. Because Nurse Practitioner Meyer's opinions are based on Dr. Spendal's treatment notes and records, the court cannot find that her opinions are entitled to any

6

more weight than Dr. Spendal's opinions. Therefore, the ALJ did not err in assigning little weight to Nurse Practitioner Meyer's opinions.

### 3. Substantial Evidence

Finally, Plaintiff argues that substantial evidence did not support the ALJ's opinion because "the only evidence [the ALJ] credited was from the non-examining state agency medical consultants." (Filing No. 25, at ECF p. 6). The Magistrate Judge did not discuss this argument.

The court finds that this argument is based on a mischaracterization of the ALJ's opinion. The ALJ did not reject all of Dr. Spendal's opinions nor did he reject all of the testimony provided by Plaintiff. Further, the ALJ assigned moderate weight to the opinions of the medical consultants. The court finds that the ALJ considered some of the opinions of several individuals; those opinions taken together constitute substantial evidence to support the ALJ's decision.

### B. Step Two Finding

At Step 2, the ALJ found that Plaintiff's mental impairments, namely depression and anxiety, were not severe. Plaintiff objected to this finding arguing that such a conclusion was not supported by substantial evidence and the ALJ failed to apply the correct legal requirements. The Magistrate Judge found that the ALJ adequately articulated his evaluation of the severity of Plaintiff's impairment, and nevertheless, any alleged error would be harmless because the ALJ proceeded beyond Step 2. In his objection, Plaintiff argues that the error was not harmless because the RFC determination did not consider the combination of severe and non-severe impairments.

7

In reviewing, the ALJ's RFC determination, the court finds that the ALJ did consider Plaintiff's depression and anxiety. The ALJ did not give much weight to the symptoms alleged by Plaintiff from his depression and anxiety, but he did discuss them. This discussion demonstrates substantial evidence to support the ALJ's conclusion. As such, any error the ALJ may have committed in finding the Plaintiff's depression and anxiety to be non-severe is harmless. The court therefore, **ADOPTS** this portion of the Magistrate Judge's report and recommendation.

### C. Plaintiff's Credibility

In reviewing a credibility determination, the court gives special deference to an ALJ's assessment because he sees and hears the claimant. *See Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). The court's role is "limited to examining whether the ALJ's determination was 'reasoned and supported,' and it may not overturn the ALJ's finding unless it is 'patently wrong.'" *See Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008). An ALJ's finding is patently wrong, "only when [his] determination lacks any explanation or support." *Id.* at 413.

Plaintiff argues that the ALJ's credibility determination is patently wrong for three reasons. First, Plaintiff argues that his activities did not conflict with his allegations and did not establish the ability to work. Second, Plaintiff argues that the ALJ's finding that he has undergone "conservative" treatment for his back pain is "absurd." Third, Plaintiff argues that the ALJ relied on his lay judgment rather than medical authority to determine that the objective findings contradict the Plaintiff's testimony.

8

The court is limited to reviewing whether the ALJ provided an explanation and support for his credibility finding. As such, the court will focus its analysis on whether the ALJ provided an adequate explanation. The court finds that the ALJ included ample explanation and support for his credibility finding. For example, the ALJ noted that the Plaintiff informed Dr. Haber that his medication was 90% effective and without side effects when he made the opposite representations to the emergency room two weeks earlier. (Filing No. 11-2, citing Exhibit 16F). Such an inconsistency weighs against finding the Plaintiff fully credible. Finally, the ALJ did not solely base his credibility determination on the argument that objective medical evidence did not support the severity of Plaintiff's symptoms. Therefore, the court finds that the ALJ provided the necessary explanation for his credibility finding and **ADOPTS** the Magistrate Judge's report and recommendation on the issue of credibility.

## IV. Conclusion

The court agrees with the Magistrate Judge's Report and Recommendation to affirm the ALJ, and thus **ADOPTS** that recommendation (Filing No. 24).

**SO ORDERED** this 31st day of March 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.